GERHART VALTON *v.* THE NATIONAL LOAN FUND ASSURANCE SOCIETY.

The object of a physical examination of a person proposing to insure his life, by a competent physician, is to ascertain if he be laboring under, or is subject to, any disease or defect which may tend to shorten life.

It is proper for the examining physician to ask for information upon subjects which he may think affects the prolongation of the life of the applicant.

He may inquire into the pecuniary circumstances of the individual with that view, and on an examination upon that subject before a court, he may be asked what effect such information produced upon his mind and action in respect to such application.

MULLIN, J.   The object of a physical examination of a person proposing to insure his life in an insurance company, by a competent physician, is to ascertain whether he is laboring under, or is subject to, any diseases or defect which may have a tendency to shorten life. The inquiry involves an examination not only into the present state of the various organs and functions of the body, but into the tendency of those organs and functions to take on diseases as affected by habits of mind as well as of body, temperament, tendency to disease from hereditary causes, and the occupation and condition in life of the subject. Of two persons of the same age and present bodily health, the one may present a risk entirely safe and proper to be taken—the other unsafe and improper to be taken. It is impossible to affix limits to the subjects, into which it is not only proper but necessary for an examining surgeon to inquire, in order to arrive at a conclusion upon which he can safely advise the acceptance or rejection of a risk.

Whether I am right or wrong in these views, I entertain no doubt that in many cases a knowledge of the pecuniary circumstances of a person desiring to be insured is material to the risk as affecting, in some degree, the life ; and they are a legitimate subject of inquiry for the examining physician or surgeon.

This inquiry may not be material in every case, but the surgeon alone can tell whether it was, or was not, so in a given case. It is therefore competent to ask him whether he made the inquiry, and what response was given, and how far he deemed such answer material in deciding to advise the taking of the risk.

In such cases the very point of inquiry is, whether the pecuniary circumstances were deemed by him material, and whether he would have advised the acceptance of the risk if it had not appeared that the person desiring to be insured was a man of means. This is the only inquiry by which the real importance of the inquiry and answers can be ascertained.

For these reasons I think the learned justice who tried this cause erred in rejecting the question put to Dr. Staats, as to the effect upon his mind and action in respect to said application ; and the judgment should for this reason be reversed, and a new trial ordered, costs to abide the event.

Wright, J., expressed no opinion ; all the other judges concurred.

E. PESHINE SMITH, *State Reporter.*